# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PRIORITY HEALTHCARE CORP., and
PRIORITY HEALTHCARE
DISTRIBUTION INC.,**

            **Plaintiffs,**

**-vs-**                                                         **Case No. 6:08-cv-425-Orl-KRS**

**SURAJIT CHAUDHURI, M.D., P.A.,**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO REMAND (Doc. No. 10)** |
| **FILED:** | **April 14, 2008** |

**I.    INTRODUCTION.**

Plaintiffs Priority Healthcare Corp. and its wholly owned subsidiary Priority Healthcare Distribution, Inc. d/b/a CuraScript SD (collectively "Priority Healthcare") conduct business in the specialty pharmacy and pharmaceutical distribution segment of the health care industry. Doc. No. 2 ¶¶ 1-3. Priority Healthcare's principal place of business is in Lake Mary, Florida. *Id*. Defendant Surajit Chaudhuri, M.D. PA ("Chaudhuri") is a medical practice operated by Dr. Surajit Chaudhuri in Fayetteville, North Carolina. Doc. No. 4 ¶ 4.

Priority Healthcare sued Chaudhuri in the Circuit Court of the Eighteenth Judicial Circuit of Seminole County, Florida for failure to pay amounts due pursuant to a Letter of Commitment and

Authorization ("Credit Agreement"). Doc. No. 2. The complaint sets forth three counts: (1) breach of contract; (2) action on account; and (3) unjust enrichment. *Id*. Chaudhuri removed the action to this Court on the basis of diversity jurisdiction. Doc. No. 1.

Presently before the Court is Plaintiffs' Motion to Remand, which argues that the Credit Agreement contains a binding forum selection clause. Doc. No. 10. Priority Healthcare submits the Credit Agreement upon which it relies in support of its motion. Doc. No. 10-3. Chaudhuri opposes the motion, arguing that the Credit Agreement is ambiguous, that there was no clear and unequivocal waiver of its right to have the matter heard by the federal court and that the Credit Agreement is not an enforceable contract. Doc. No. 12. The District Judge referred the case to me for all further proceedings pursuant to the parties' consent under 28 U.S.C. § 636(c). Doc. Nos. 17, 19.

## II.   STATEMENT OF FACTS.

The Credit Agreement consists of two pages. Doc. No. 10-3. The first page is a pre-printed credit application form for Priority Healthcare that was completed with information for Chaudhuri. The second page, beginning with the heading "Letter of Commitment and Authorization," also is a pre-printed form with a handwritten notation of average monthly purchases and Surajit Chaudhuri's signature at the bottom of the page.

The second page contains the following statements in the pre-printed form that are relevant to this motion:

> Customer agrees that: (1) this agreement shall be deemed fully executed and performed in the State of Florida and shall by governed by and construed in accordance with the laws thereof; (2) in any action, proceeding, or appeal of any matter relating to or arising out of this judgment, customer shall be subject to personal jurisdiction of the State of Florida and accept venue in Seminole County, Florida. . . .

**III.    STANDARD OF REVIEW.**

Forum selection clauses are "prima facie valid and should be enforced," unless they are shown to be unreasonable, unjust or invalid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also In re Fireman's Fund Ins. Cos., Inc.*, 588 F.2d 93, 95 (11th Cir. 1979). Where removal is based solely on diversity jurisdiction, "ordinary contract principles govern a contractual waiver of removal." *Global Satellite Commc'n. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004)(internal quotations omitted). The contractual waiver of removal rights need not be clear and unequivocal. *Id.* at 1272 (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260 (11th Cir. 1999)). However, if a provision is subject to opposing yet reasonable interpretations, any ambiguity will be construed "against the party from whom the words proceeded." *Global Satellite*, 378 F.3d at 1271 (internal quotations omitted).

There are two types of forum selection clauses, permissive and mandatory. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, dictates an exclusive forum for litigation under the contract. *Id*. at 1272 (internal quotation marks omitted). The courts will only order remand when an exclusive forum has been mandated by the contract. *See id*. at 1273-74; *Stateline Power Corp. v. Kremer*, 148 Fed. Appx. 770, 771 (11th Cir. 2005).

**IV.    ANALYSIS.**

Priority Healthcare argues that the forum selection clause of the contract is mandatory and because no federal court sits in Seminole County, the agreed forum is the Eighteenth Judicial Circuit of Seminole County, Florida. Chaudhuri contends that the forum selection clause was both permissive

and ambiguous and, therefore, jurisdiction may lie in this court. Chaudhuri further argues that it did not clearly and unambiguously waive its right to removal. Finally, Chaudhuri argues that the Credit Agreement is not an enforceable contract. Because the Court finds that the language of the forum selection clause fails to mandate jurisdiction in the state courts located in Seminole County, it is unnecessary to address at this stage of the litigation whether the Credit Agreement is an enforceable contract.

Priority Healthcare contends that the language of the Credit Agreement, which reads "in any action, proceeding, or appeal of any matter relating to or arising out of this judgment, customer shall be subject to personal jurisdiction of the State of Florida and accept venue in Seminole County, Florida," constitutes a mandatory forum selection clause because of the use of the word "shall." Priority Healthcare does not address the impact of the language "arising out of this judgment."

Chaudhuri argues that the use of the phrase "arising out of this judgment" in the forum selection clause renders the clause ambiguous. Doc. No. 12 at 3 n.2. The Court finds that the plain language of the clause is ambiguous because the Credit Agreement is not a "judgment." As the Credit Agreement is a pre-printed form of Priority Healthcare, this ambiguity must be construed against Priority Healthcare.

Chaudhuri also argues that the forum selection clause is ambiguous because "accept[ing] venue in Seminole County, Florida" does not preclude the possibility of venue in another location. Although neither the parties nor the Court have located any case in which language identical to the present case has been addressed, I find that this language is analogous to language found to be ambiguous by other courts. For example, in *Global Satellite*, an agreement to "submit to the jurisdiction of Broward

County, Florida" was found to be ambiguous and the waiver did not expressly include waiver of removal rights. *Global Satellite*, 378 F.3d at 1273.[1] In *Stateline Power*, the language that the agreement "shall be governed by the laws of the State of Florida and the parties to this Agreement specifically consent to the jurisdiction of the courts of the State of Florida over any action" was found ambiguous due to the lack of mandatory language. *Stateline Power*, 148 Fed Appx. at 771. *See also Wai v. Rainbow Holdings*, 315 F. Supp.2d 1261, 1272-73 (S.D. Fla.2004) ( the phrase "submit [to] the jurisdiction of the Courts of Singapore" was held ambiguous because there was no exclusive language); *Land-Cellular Corp. v. Zokaites*, No. 05-23168-CIV, 2006 WL 3039964, at * 6 (S.D. Fla. Sep. 26, 2006)(clause stating "the debtor irrevocably submits and consents to the jurisdiction of any court of the State of Pennsylvania located in Allegheny, and waives any and all objections to jurisdiction or venue that any such party may have . . ." was permissive and not mandatory).

Cases that have found the forum selection clause to be mandatory involved more restrictive language than the clause at issue here in the Credit Agreement. For example, in *Snapper*, the forum selection clause provided that the action "may be brought in the courts of the State of Georgia or the United States District Court . . . all as Creditor may elect. . . . [T]he Undersigned hereby submits to each such jurisdiction, expressly waiving whatever rights may correspond to it by reason of present or future domicile." *Snapper*, 171 F.3d at 1260. Applying ordinary contract principles, the *Snapper* court found that the defendants had waived all rights and could not remove the proceeding

---

[1] The Court finds unpersuasive Priority Healthcare's argument that *Global Satellite* supports their position because the ambiguity there was created by the fact that both state and federal forums were located in Broward County whereas there is no federal forum located in Seminole County. *See Links Design, Inc. v. Lahr*, 731 F. Supp. 1535, 1536 (M.D. Fla. 1990) (clause that provided for venue in Polk County was ambiguous and could be interpreted as allowing removal on diversity grounds to the federal district court for the district including Polk County).

from a forum that the creditor had selected. *Id*. at 1262. Such language is absent from the Credit Agreement at issue here.

**V.    CONCLUSION.**

For the reasons discussed herein, it is **ORDERED** that Plaintiffs' Motion to Remand, doc. no. 10, is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 18, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE